# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tara A. Lambert,**
**Claimant Below, Petitioner**

**vs.)**     **No. 21-0996**     (BOR Appeal No. 2056950)
(Claim No. 2018024412)

**American Bottling Company,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tara A. Lambert appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). American Bottling Company filed a timely response.[1] The issues on appeal are compensability and medical treatment. The claims administrator denied an authorization request from WV Orthopaedic Trauma for a right knee arthroscopy on July 8, 2020. In an order dated November 18, 2020, the claims administrator denied the addition of complex tear of the medial meniscus of the right knee and patellofemoral arthritis of the right knee to the claim. On June 1, 2021, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated November 18, 2021, in which the Board affirmed the order of the Office of Judges. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Ms. Lambert is a truck driver who filed an Employees' and Physicians' Report of Occupational Injury or Disease on May 3, 2018, alleging that she was injured on April 30, 2018, when she "kicked on the back of a 2-wheeler." The claimant was evaluated at MedExpress for right calf pain and swelling. Physical examination revealed swelling and tenderness in the posterior right lower leg, as well as positive Homan's sign. Ms. Lambert was advised to seek treatment at an emergency department, and she traveled to Raleigh General Hospital where a venous duplex study was performed. In an office record dated May 4, 2018, from New River Health Gulf, Katherine Coffey, N.P., reported that a physical examination revealed tenderness of the right medial knee and pain to palpation of the right medial calf. Ms. Coffey listed the diagnoses as pain in the right knee and pain of the right calf.

Ms. Lambert was seen by John Tabit, M.D., an orthopedic surgeon, on July 13, 2018, for right knee pain. It was noted that the claimant had a fall from standing while rolling a dolly when

---

[1]Petitioner, Tara A. Lambert, is represented by Reginald D. Henry. American Bottling Company is represented by Jane Ann Pancake, T. Jonathon Cook, and Jeffrey B. Brannon.

1

she felt a pop in the back of her knee, and she began experiencing mechanical symptoms of locking, popping, and catching. The assessment was internal derangement of the right knee. Dr. Tabit recommended an MRI of the affected knee to confirm the diagnosis. An initial corticosteroid injection was recommended to help alleviate the symptoms while she was awaiting an MRI. The MRI conducted on August 2, 2018, revealed a tear of the posterior horn of the medial meniscus and chondromalacia of the patella. The assessments were: (1) tear of medial meniscus of right knee, unspecified tear type, initial encounter; and (2) right knee arthritis. Dr. Tabit recommended knee arthroscopy including continued nonoperative treatment. By order of the claims administrator dated January 22, 2019, the claim was approved for the diagnosis of other tear of medial meniscus, current injury, right knee. A Peer Review report submitted by Donald Getz, M.D., indicated that the request for right knee arthroscopy surgery was medically necessary, and the claims administrator authorized the request for surgery on January 23, 2019.

Dr. Tabit saw Ms. Lambert on March 5, 2019, for a right knee symptom consult. The assessments were tear of medial meniscus of the right knee and arthritis of the right knee. Dr. Tabit recommended knee arthroscopic surgery. He also noted that her preexisting arthritis pain would not be managed with an arthroscopy. Dr. Tabit stated that the claimant will continue to treat conservatively with the small amount of arthritic pain she has with activity modification, corticosteroid injections, bracing, and therapy.

Ms. Lambert underwent right knee arthroscopy with partial medial meniscectomy performed by Dr. Tabit on March 28, 2019. The postoperative diagnoses were: (1) right knee medial meniscus tear; (2) right knee grade 2-3 chondromalacia of the patella; and (3) right knee grade 2-3 chondromalacia of the medial compartment. Dr. Lambert saw the claimant on April 9, 2019, for a follow-up evaluation and recommended physical therapy. She was to remain off work at the time.

Dr. Tabit continued to conservatively treat Ms. Lambert, with little success. On February 11, 2020, she had an MRI which revealed: (1) new complex tear of the posterior horn of the medial meniscus; (2) large area of fairly high-grade cartilage loss on both sides of the weightbearing medial femorotibial compartment; (3) significant subchondral reactive marrow edema; (4) large Baker's cyst posteriorly; and (5) a small amount of residual meniscal tissue in the body segment of the medial meniscus suggesting previous partial meniscectomy. Mild patellofemoral chondromalacia was also observed. Ms. Lambert reported that she received very little pain relief from her corticosteroid injection. Dr. Tabit noted severe pain with intermittent swelling and painful knee popping. He recommended knee arthroscopy and informed the claimant that this most likely will not be the last surgery she would need on her knee due to the amount of arthritis in the knee. Dr. Tabit stated that he would refer her to a joint replacement specialist for an evaluation for a uni-compartmental replacement.

In an independent medical evaluation report dated June 24, 2020, Prasadarao Mukkamala, M.D., noted that the only allowed condition in the claim was an injury to the right lower extremity. His diagnosis was muscle strain of right gastrocnemius muscle that was resolved and degenerative tear of the medial meniscus, not causally related to the compensable injury of April 30, 2018. Dr. Mukkamala opined that Ms. Lambert does not need further treatment for the injuries sustained on

April 30, 2018. He suggested that any additional treatment would be to address noncompensable degenerative conditions not covered by the claim. Dr. Mukkamala found Ms. Lambert to be at maximum medical improvement. He concluded that the medial meniscus tear revealed by the MRI was not causally related to the compensable injury and that the request for right knee arthroscopy from WV Orthopaedic Trauma dated February 27, 2020, is not required for the compensable injury, but rather to address a noncompensable condition. Dr. Mukkamala stated that in his professional opinion, the arthroscopy performed on March 28, 2019, as well as the injections, were not required because they are not related to the compensable injury of April 30, 2018.

By order of the claims administrator dated July 8, 2020, the authorization request from WV Orthopaedic Trauma for a right knee arthroscopy was denied. It was stated that the decision was based upon the opinion of Dr. Mukkamala. Ms. Lambert protested the claims administrator's decision. In another order dated November 18, 2020, the claims administrator denied Dr. Tabit's diagnosis update requesting the conditions of complex tear of medial meniscus of the right knee and patellofemoral arthritis of the right knee be added as compensable conditions in the claim. The claims administrator denied Ms. Lambert's requests because it was found that the conditions were not causally related to the injury sustained on April 30, 2018. Ms. Lambert once again protested the claims administrator's decision.

At a deposition held on January 27, 2021, Ms. Lambert testified that she was employed as a truck driver for the Respondent, where she has been employed for over twenty years. Prior to April 30, 2018, she had not undergone any diagnostic testing for her right knee. She stated that she bent over to lift cases of soda and squatted down to lift. When she lifted back up out of her stance, she felt like something cut the back of her leg. She had an MRI of her right knee, and Dr. Tabit recommended surgery. She underwent surgery on March 28, 2019, and then completed a course of physical therapy. She was released by Dr. Tabit to return to work without restriction on or about June 4, 2019. After she returned to work, she was fine, and she delivered 300 to 600 cases a day, Monday through Friday. Ms. Lambert testified that she later developed pain and swelling, and she returned to Dr. Tabit for treatment. She denied any new fall or injury. Dr. Tabit administered a cortisone injection, but the relief from pain only lasted about a month. She continued to work and underwent another MRI on February 11, 2020. Ms. Lambert further testified that she has ongoing symptoms of pain and swelling with her knee.

In a final decision dated June 1, 2021, the Office of Judges affirmed the claims administrator's decision dated July 8, 2020, which denied the authorization request for a right knee arthroscopy. The Office of Judges also affirmed the claims administrator's order issued on November 18, 2020, which denied the diagnosis update request to add complex tear of the medial meniscus of the right knee and patellofemoral arthritis of the right knee as compensable components in the claim. It was concluded that the preponderance of the evidence failed to show that Ms. Lambert sustained the alleged injury, and she failed to show that it is medically related and reasonably required treatment of her compensable condition in this claim for the authorization request to be granted for a right knee arthroscopy. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision in an order dated November 18, 2021.

On appeal before this Court, Ms. Lambert argues that the evidence reflects that she suffered a meniscus tear and patellofemoral arthritis of the right knee as a result of her compensable injury. She asserts that the requested treatment should have been authorized and the additional diagnoses added to the claim. The Respondent, American Bottling Company, argues that the record does not contain reliable evidence that Ms. Lambert sustained a complex tear of the medial meniscus of her right knee during the course of and resulting from her employment and that patellofemoral arthritis is degenerative in nature, and therefore, was not caused by the April 30, 2018, injury.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Office Ins. Comm'*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of Office of Judges, as affirmed by the Board of Review. West Virginia Code § 23-4-1 provides that employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Ms. Lambert requested that the diagnoses of complex tear of the medial meniscus of the right knee and patellofemoral arthritis be added as compensable conditions in her claim. The Office of Judges and Board of Review properly affirmed the denial of this request because the record contains no reliable evidence that these conditions resulted from an injury sustained during the course of and resulting from her employment. Based upon an MRI performed on February 11, 2020, Dr. Tabit noted a new complex tear of the medial meniscus; however, he did not relate the tear to the compensable injury. There is no evidence that the complex medial meniscus tear seen on the February 11, 2020, MRI is related to the April 30, 2018, injury. In addressing Ms. Lambert's request for surgery, the Office of Judges reasoned that Dr. Mukkamala opined that the need for surgery was due to the pre-existing degenerative conditions. Dr. Mukkamala stated that Ms. Lambert's chondromalacia of the right knee was preexisting and the chondromalacia/degenerative arthrosis are the cause of her current complaints. Therefore, it was determined that the claims administrator's orders should be affirmed. Based upon the preponderance of the evidence, Ms. Lambert has failed to show that the Board of Review erred in denying the authorization request for treatment.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn